# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, DEERWESTER, and HACKEL
Appellate Military Judges

———————————————

**In Re S. W.**
Hospital Corpsman Second Class (E-5), U.S. Navy
*Petitioner*

**v.**

**UNITED STATES**
*Respondent*

**No. 202200118**

———————————————

**Edmond A. MAEBANE, III**
Hospital Corpsman Second Class (E-5), U.S. Navy
*Real Party in Interest*

———————————————

Decided: 7 June 2022

Review of Petition for Extraordinary Relief in the Nature of a Writ of
Mandamus

Military Judge:
Stephen F. Keane

For Petitioner:
*Lieutenant Cayla R. Barbour, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

The real party in interest [RPI], Hospital Corpsman Second Class [HM2] (E-5) Edmond A Maebane, USN, is charged in the general court-martial, *United States v. HM2 Edmond Maebane*, USN, with discharging a weapon that killed another service member in violation of the Uniform Code of Military Justice [UCMJ]. The court-martial proceedings were scheduled to reconvene on 6 June 2022. On 3 June 2022, Petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Stay of Proceedings with this Court. On 6 June 2022, this Court ordered the proceedings stayed until 8 June 2022, and that Government produce all motions, rulings, record of proceedings, and any other documentation relevant to the Petition no later than 1700 (PDT) on 6 June 2022.

## I. DISCUSSION

"As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue."[1] First, there is no other adequate means to attain the relief desired; second, the right to issuance of the writ is clear and indisputable; and third, the issuing court, in its discretion, must be satisfied that the issuance of the writ is appropriate under the circumstances.[2]

Petitioner contends that the military judge failed to conduct a full analysis under Military Rule of Evidence [M.R.E.] 513, prior to allowing the admission of evidence obtained from Petitioner's mental health treatment records absent a valid waiver from Petitioner.

Applying the three-part test enumerated above, we find Petitioner has demonstrated an entitlement to the extraordinary remedy requested. First, after reviewing the record provided by the Government in this case, we are not

---

[1] *Cheney v. United States Dist. Court,* 542 U.S. 367, 380 (2004) (internal citations and quotation omitted).

[2] *Id.* at 380–81 (internal citations omitted).

satisfied that the military judge conducted the full analysis required by M.R.E. 513. Second, Petitioner has shown his claimed right to a writ is clear and undisputable. And, third, we are convinced issuance of the requested writ is proper.

## II. CONCLUSION

Upon consideration of the Petition and all accompanying documentation, the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus is **GRANTED**, and it is, by the Court, this 7th day of June 2022,

**ORDERED:**

That, at any stage of the proceeding, prior to any reference to any evidence derived from Petitioner's mental health records, the military judge shall conduct the complete analysis required by M.R.E. 513 with written findings of fact and conclusions of law.

FOR THE COURT:

KYLE D. MEEDER
Clerk of Court